NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALWINDER SINGH, | No. 08-70546 |
| Petitioner, | Agency No. A077-421-841 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 2, 2011
San Francisco, California

Before: FISHER and RAWLINSON, Circuit Judges, and MILLS, District Judge.[**]

Balwinder Singh petitions for review of the Board of Immigration Appeals'

(BIA) decision denying him asylum, withholding of removal, adjustment of status

and Convention Against Torture (CAT) relief on the basis that he provided

material support to the Khalistan Commando Force (KCF).  We deny his petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Richard Mills, Senior United States District Judge for the
Central District of Illinois, sitting by designation.

1.     The BIA did not err by denying Singh asylum and withholding of removal based on the material support bar. *See* 8 U.S.C. § 1182(a)(3)(B)(iv)(VI). First, relying on *Cheema v. Ashcroft*, 383 F.3d 848 (9th Cir. 2004), Singh argues that he is eligible for relief unless, in addition to showing terrorist activity, the government shows that there are "reasonable grounds to believe that [he] is a danger to the security of the United States." *Id.* at 855. This aspect of *Cheema* was overruled by subsequent amendment to the Immigration and Nationality Act (INA). *See Bellout v. Ashcroft*, 363 F.3d 975, 978 (9th Cir. 2004). Under the current version of the INA, terrorist activity alone is a sufficient basis for denying relief. *See id.* at 979 (citing 8 U.S.C. § 1158(b)(2)(A)(iv)-(v)).

Second, remand is not warranted because the immigration judge (IJ) stated that Singh "engaged in terrorist activities within the meaning of [8 U.S.C. § 1182](a)(3)(B)(iv)(VI)(cc)," a provision that involves designated terrorist organizations. The parties agree that the KCF is not a designated terrorist organization, but is a terrorist organization under § 1182(a)(3)(B)(vi)(III). However, "we review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion." *Cordon-Garcia v. INS*, 204 F.3d 985, 993 (9th Cir. 2000). The BIA's analysis correctly recognized that the KCF was a terrorist organization under § 1182(a)(3)(B)(vi)(III).

2

Third, the BIA had substantial evidence to conclude that Singh materially supported a terrorist organization. He concedes that the KCF is a terrorist organization. He testified that he provided meals and shelter for KCF members on multiple occasions, and allowed one of his employees to hide a gun on behalf of a KCF member. *See* 8 U.S.C. § 1182(a)(3)(B)(iv)(VI) (including a "safe house," "communications" and "weapons" as examples of material support).

2. The BIA did not exceed its authority by failing to address Singh's motion for adjustment of status or, in the alternative, by rejecting his motion for adjustment of status. The BIA expressly rejected Singh's motion for adjustment of status because he provided material support to a terrorist organization, and it did not err in doing so. An individual who provides material support to a terrorist organization is inadmissible, *see* 8. U.S.C. § 1182(a)(3)(B)(i), and is therefore ineligible for adjustment of status, *see id.* § 1255(a); *see also An Na Peng v. Holder*, 673 F.3d 1248, 1258 (9th Cir. 2012).

3. Singh argues that this case should be remanded for the BIA to consider whether he is entitled to a waiver under 8 U.S.C. § 1182(d)(3)(B)(i) because he assisted the KCF under duress. The waiver provision, however, gives "[t]he Secretary of State, after consultation with the Attorney General and the Secretary of Homeland Security, or the Secretary of Homeland Security, after

3

consultation with the Secretary of State and the Attorney General" the "sole unreviewable discretion" to grant waivers. *See id.* The BIA has no authority to grant a waiver under § 1182(d)(3)(B)(I).[1,2]

4.  Finally, Singh's argument that the BIA erred by denying his request for CAT deferral is moot, as Singh conceded at oral argument, because he requested deportation and has since returned to India.

**DENIED.**

---

[1] The Secretary of Homeland Security, after appropriate consultations, has created a mechanism for U.S. Citizenship and Immigration Services (USCIS), in consultation with U.S. Immigration and Customs Enforcement, to waive applicability of the duress exception to aliens who assisted Tier III terrorist organizations under duress. *See* Exercise of Authority Under Sec. 212(d)(3)(B)(i) of the Immigration and Nationality Act, 72 Fed. Reg. 9958-01 (Mar. 6, 2007). While this petition was pending, USCIS issued Singh a notice of determination informing him that he was not eligible for a waiver.

[2] For the reasons stated in the concurrently filed opinion in *Annachamy v. Holder*, No. 07-70336, the material support bar contains no implicit exception for individuals who provide material support under duress.